IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL HEFLIN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:18-CV-314-LY |
| | § | |
| SPROUT TINY HOMES, LLC, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court in the above-styled and numbered cause are Defendant's Motion for Partial Summary Judgment filed April 1, 2019 (Dkt. No. 16), Plaintiff's Response in Opposition to Motion filed April 15, 2019 (Dkt. No. 18), and Defendant's Reply in Response to Motion filed April 24, 2019 (Dkt. No. 20). Having reviewed and considered the motion, response, reply, and applicable law, the court denies the motion for the reasons that follow.

### I.    BACKGROUND

On March 19, 2018, Plaintiff Michael Heflin filed this lawsuit against Defendant Sprout Tiny Homes, LLC ("Sprout"), his former employer, in the 201st Judicial District Court of Travis County, Texas. On April 16, 2018, Sprout removed this suit to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. The complaint alleges that Sprout breached Heflin's employment agreement (the "Agreement") when Sprout terminated his employment.

Heflin entered into the Agreement with Sprout for a term of two years beginning on July 1, 2017. Under the Agreement, Heflin served as the chief operating officer and a member of a two-person board of directors of Sprout Tiny Homes, Inc., the parent company of Sprout. The only other member of the board was Rod Stambaugh, the president and chief executive officer ("CEO") of Sprout.

The Agreement allows for early termination of Heflin's employment for two reasons: (1) just cause, or (2) by majority vote of the board of directors of Sprout Tiny Homes, Inc. The Agreement requires Sprout to provide 15-days' written notice in advance of early termination. The Agreement contains no express provision regarding the procedure for removal of a board member. The Agreement provides for enforcement under Colorado law.

Sprout is a Colorado-based company that manufactures tiny homes. Heflin's initial duties under the Agreement included "all functional areas under the CEO except finance" as well as serving on the board. Heflin reported to the CEO, and the Agreement provided for the possibility that Heflin could be delegated with additional duties. One of Heflin's primary responsibilities was the fulfillment of a contract for the purchase of 275 tiny homes in Austin, Texas. When Sprout delivered the first prototype of a tiny home, the client was unhappy and terminated the contract. Stambaugh attributed the failure of the project and resulting loss of the contract to Heflin. As a result, Stambaugh sought to terminate Heflin. Stambaugh did not terminate Heflin under the "just cause" provision of the Agreement. Instead, Stambaugh removed Heflin from the board in March 2018 and then terminated Heflin by email effective immediately. Neither the board nor the shareholders met or conducted a vote regarding Heflin's employment before or after Heflin's termination. In addition, no notice was given to schedule a meeting to terminate Heflin.

More than 10 months later, Stambaugh unilaterally executed two documents purporting to consent to these actions. In one document, acting as the majority stockholder, Stambaugh ratified Heflin's prior removal from the board. In the other document, acting as the sole board member, Stambaugh consented to prior termination of Heflin's employment.

## II. APPLICABLE LAW

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it concerns an essential element of the movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The court must draw any inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). If a reasonable jury could return a verdict for the non-moving party, then the dispute is genuine, and summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties agree that Colorado law controls the interpretation of the Agreement. In order to give effect to the intent of the parties, a written contract will be enforced according to its plain language if it is complete and unambiguous. *Ad Two, Inc. v. City & Cty. of Denver*, 9 P.3d 373, 376 (Colo. 2000). To prevail for breach of contract under Colorado law, a plaintiff must prove four elements: "(1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff." *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (*en banc*) (internal citations omitted). The performance element may be satisfied by "substantial performance," in which a party has deviated from literal performance in "trifling particulars" without materially reducing the benefit the other party expected to receive. *Id.* "Whether performance is complete, substantial, or less than substantial involves a factual determination for the trier of facts." *Little Thompson Water Ass'n v. Strawn*, 466 P.2d 915, 917 (Colo. 1970).

Colorado law governs removal of a corporate board member and procedures for board actions:

> (1) Unless the articles of incorporation require that such action be taken at a shareholders' meeting, any action required or permitted by . . . this title to be taken at a shareholders' meeting may be taken without a meeting if:
>     (a) All of the shareholders entitled to vote thereon consent to such action in writing; or
>     (b) Except as otherwise provided . . . and if expressly provided for in the articles of incorporation, the shareholders holding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all of the shares entitled to vote thereon were present and voted consent to such action in writing.

COL. REV. STAT. § 7-107-104 (2018).

### III. ANALYSIS

The court concludes that a genuine issue of material fact exists as to whether Stambaugh had the authority to remove Heflin from the board. This dispute is material because Stambaugh's removal of Heflin from the board was a prerequisite to terminating Heflin's employment, which is the basis of Heflin's breach-of-contract claim. Therefore, Sprout's argument for summary judgment depends on the validity of Stambaugh's actions.

Sprout argues that summary judgment should be granted in part because Stambaugh had the unilateral authority as the majority shareholder to remove Heflin from the board and thereafter substantially performed under the Agreement when he terminated Heflin's employment. In an attempt to justify Stambaugh's hasty removal of Heflin from the board, Sprout points to Colorado law concerning removal of directors and board action without a meeting. *See* COL. REV. STAT. § 7-108-108 (2016) (concerning removal); *Id.* at § 7-107-104 (2016) (concerning board action). Sprout concedes that Stambaugh "may not have complied with all the technicalities of Colorado law in removing Heflin from the board" such as conducting a meeting, taking a vote, and providing notice. Nevertheless, Sprout argues that

4

formal compliance was unnecessary because the result would have been the same: removal of Heflin from the board and subsequent termination of Heflin's employment.

Sprout contends Heflin's board service is an initial job duty subject to change at any time; whereas Heflin contends his role as board member is part of his core job duties and protected by the Agreement. Heflin asserts that the board-vote requirement applies to both removal from the board and termination of employment. Heflin thus argues that summary judgment is not warranted because Stambaugh had no authority to remove Heflin from the board and did not substantially perform under the Agreement's provisions governing termination.

The Agreement contains no express provision regarding the process for removal of a board member. The court is not convinced based on the record before it that Section 1.4(c) of the Agreement—entitled termination by company—applies to board-member removal, as Heflin asserts.[1] In the absence of an express provision governing removal of a board member, Sprout contends that Colorado law applies. Assuming, *arguendo*, that Colorado law applies in the absence of an express contractual provision, the primary question before the court on summary judgment is whether Heflin's removal from the board violated Colorado law.

Section 7-108-108 provides that "[a] director may be removed by the shareholders only at a meeting called for the purpose of removing the director, and the meeting notice shall state that the purpose, or one of the purposes, of the meeting is removal of the director." COL. REV. STAT. § 7-108-108. Sprout concedes that Stambaugh did not comply with the statutory provisions governing removal of a board member. Although Stambaugh acted as if he is unconstrained by the processes imposed by the Agreement and Colorado law, he is not. Sprout's argument—that a post-hoc written authorization by the majority shareholder replaces a majority vote of the

---

[1] The provision reads: "[Sprout] may terminate [Heflin's employment only . . . by majority vote of the Board of Directors (Board of Directors shall mean the Board of Directors of Sprout Tiny Homes, Inc.)."

5

board—is not supported by any authority and Sprout provides none. Furthermore, Sprout did not provide evidence of Stambaugh's majority-shareholder status; nor did he provide the articles of incorporation for Sprout Tiny Homes, Inc. Therefore, the court concludes that there is a genuine issue of material fact regarding Stambaugh's authority to remove Heflin from the board. Sprout did not meet its burden of showing that it is entitled to judgment as a matter of law. Therefore,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment filed April 1, 2019 (Dkt. No. 16) is **DENIED**.

SIGNED this 20th of June, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE